IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DELCAMP<br>940 Joan Terrace<br>Reading, PA 19611<br><br>*Plaintiff,*<br><br>vs.<br><br>WALNUT HILL COLLEGE, INC.<br>t/d/b/a THE RESTAURANT SCHOOL<br>AT WALNUT HILL COLLEGE<br>4207 Walnut Street<br>Philadelphia, PA 19104<br>   *Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against the Defendant for unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and other applicable law.

### PARTIES

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual residing at the above-captioned address.

4. Defendant Walnut Hill College, Inc. t/b/d/a The Restaurant School at Walnut Hill College ("Defendant") is believed to be a Pennsylvania corporation with a principal place of business at the above-captioned address.

5. At all times relevant herein, each Defendant acted or failed to act through its agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

6. Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

## JURISDICTION and VENUE

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The Court may properly maintain personal jurisdiction over the Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

9. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PROCEDURAL and ADMINISTRATIVE REMEDIES

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the Pennsylvania Human Relations Act as follows:

   a) Plaintiff filed a timely written charge of discrimination against Defendant (No. 530-2017-00364) on or about October 24, 2016 with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission alleging discrimination;

   b) The instant action is timely because it is initiated within ninety ("90") days of the receipt of a Right to Sue Notice mailed on or about May 9, 2017.

14. Plaintiff has exhausted federal administrative remedies as to the allegations of this Complaint.

15. Plaintiff will seek leave to amend this complaint to incorporate an outstanding retaliation charge and his PHRA claims at the end of that statute's one-year waiting period.

## FACTUAL BACKGROUND

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. Plaintiff was employed by Defendant from August 2007 until his unlawful termination on or about February 10, 2016.

18. Plaintiff was the Vice-President for the Defendant and held a senior leadership position.

19. Plaintiff was an exemplary employee with no documented corrections.

20. In fact, even after his termination, Plaintiff received a stellar review.

21. Plaintiff was unlawfully terminated by Daniel Liberatoscioli, the President of the College.

22. He wrote things like "I love you" and "let's run away and take trips together."

23. Defendant terminated Plaintiff because Liberatoscioli knew he could not have a romantic relationship with Plaintiff.

24. In his termination letter to Plaintiff, Liberatoscioli cited that Plaintiff's management style had run into many conflicts with other staff and that allegedly there had been formal complaints and threats to sue to the college for an abusive worksite.

25. Plaintiff knew nothing of the formal complaints and he did not believe the statements to be accurate.

26. In the same termination letter, Liberatoscioli asked Plaintiff to be his "BFF" (best friend forever) and that he loved Plaintiff more than just a colleague, dear friend or brother.

27. Liberatoscioli also stated he wanted to go on a "nice trip together. Not to make me feel better, but because it would be so much fun as it always is for me. But you don't have to think about that now. While we are away we will plan the next trip. Again- not because I want to feel better about my decision, but because I love you."

## COUNT I
### Title VII Sexual Harassment / Hostile Work Environment

28. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

29. The foregoing conduct by the Defendant unlawful sexual harassment / hostile work environment.

30. The foregoing conduct by the Defendant constitutes *quid pro quo* sexual harassment.

31. As a result of the Defendant's unlawful discrimination the Plaintiff has suffered damages as set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against each Defendant and that it enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis forbidden by applicable federal and state law;

B. Defendant is to promulgate and adhere to a policy prohibiting retaliation for violating applicable federal and state law.

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for its illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the actions and inactions of Defendant to the extent such damages are available as a matter of law;

E. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter it and/or other persons or entities from engaging in such misconduct in the future;

F. Plaintiff is to be accorded all such other legal and/or equitable relief as the Court deems just proper, and appropriate;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H. Any verdict in favor of Plaintiff is to be judicially molded to provide Plaintiff the maximum financial recovery in light of the damage caps set forth in federal employment discrimination statutes.

I. That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

J.   Plaintiff is to receive trial by jury on all issues so triable pursuant to the Seventh Amendment to the United States Constitution and Fed.R.Civ.P. 38.

Respectfully submitted,

KOLMAN ELY, P.C.

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated: August 7, 2017